```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
BELARUSSIAN SHIPPING CO.,           :
                                    :
              Plaintiff,            :
                                    :
       - against -                  :
                                    :
REPINTER INTERNATIONAL              :
SHIPPING CO. LTD. and               :
MIACHART CORPORATION,               :
                                    :
              Defendants.           :
------------------------------------------------X
```

07 CV 3151

07 CV _____
ECF CASE

JUDGE SWAIN

APR 19 2007

## VERIFIED COMPLAINT

Plaintiff, BELARUSSIAN SHIPPING CO. (hereafter referred to as "BSC" or "Plaintiff"), by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendants, REPINTER INTERNATIONAL SHIPPING CO. LTD. (hereafter referred to as "Repinter") and MIACHART CORPORATION (hereafter referred to as "Miachart")(collectively referred to as "Defendants") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law.

3. At all material times, Plaintiff was, and still is, the charterer of the vessel "M/V ORHAN DEVAL" (hereinafter the "Vessel").

4. Upon information and belief, Defendant Repinter was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law.

5. Further, at all material times, Defendant Repinter was the disponent owner of the Vessel.

6. Pursuant to a time charter party dated April 13, 2006, Plaintiff time chartered the Vessel from Repinter "trading always via safe berth(s) and or safe anchorage(s) in safe port(s) always afloat worldwide."

7. Certain disputes arose between the parties regarding Repinter's breaches of the charter party including but not limited to the breach of stevedore damage provisions contained in the charter party and failure to make significant repairs necessary for the Vessel to sail.

8. Wrongfully and in breach of the charter party such repairs have not been completed and, under protest, the Plaintiff is now, arranging sufficient repairs to enable the Vessel to sail.

9. As a result of the breaches the Plaintiff has been deprived of the use of the Vessel and there is no longer sufficient time to complete a further voyage under the terms of the time charter party. As a consequence, Plaintiff is now forced to redeliver the Vessel to Repinter.

10. As a result of Repinter's breach of the charter party contract, Plaintiff has sustained damages in the total principal amount of $260,994.09 exclusive of interest, court costs and attorneys fees.

11. Pursuant to the charter party contract, all disputes arising thereunder are to be submitted to London Arbitration with English law to apply.

12. The Plaintiff will soon commence London Arbitration proceedings against the Repinter in accordance with the terms of the contract.

13. Despite due demand, the Repinter has failed to pay the amounts due and owing under the contract.

14. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

    A. Principal claim:      $260,994.09

    B. Estimated interest on claim:      $54,328.02
        3 years at approximately 6.5%

2

   C. Estimated Attorneys' Fees and Costs:     $75,000.00

**Total**                    **$390,322.11**

15. Upon information and belief, Defendant Miachart acts as paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant Repinter and/or receive payments being made to Defendant Repinter.

16. Upon information and belief, Defendant Repinter uses Defendant Miachart as a "pass through" entity such that it can insulate itself from creditors relating to its commercial obligations.

17. It is not common practice in the maritime industry for an independent company to pay another company's debt, where it has no formal relationship to the underlying charter party.

18. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendants.

19. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are due and owing to the Defendants, in the amount of **$390,322.11** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court recognize and confirm any arbitration award or judgment rendered on the claims had herein as a Judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

4

F.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
April 19, 2007

                              The Plaintiff,
                              BELARUSSIAN SHIPPING COMPANY,

By: _____
Patrick F. Lennon (PL 2162)
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-lennon.com
ttisdale@tisdale-lennon.com

5

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Patrick F. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, New York
          April 19, 2007

                                    /s/ Patrick F. Lennon
                                    Patrick F. Lennon